# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN MCKENZIE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 cv 5262 |
| | ) | |
| vs. | ) | Honorable Judge Gary Feinerman |
| | ) | |
| CITY OF CHICAGO, and | ) | |
| MICHAEL FAZY, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, BRIAN MCKENZIE (hereinafter, "PLAINTIFF"), and for his cause of action against the Defendants, CITY OF CHICAGO (hereinafter, "CITY"), and CHICAGO POLICE OFFICER MICHAEL FAZY, star #17775), (hereinafter "DEFENDANT OFFICER," or, "OFFICER"), hereby amends his previously filed Complaint as follows:

## NATURE OF CLAIM

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983. Further, this is an action seeking redress for state law claims of malicious prosecution and intentional infliction of emotional distress.

## JURISDICTION

2. Jurisdiction lies in this court pursuant to 28 U.S.C. §§ 1331 and 1343(a), and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction for Plaintiff's state claim is based on supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

## VE NUE

4. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C §1391(b)(2), as Plaintiff is a resident in the Northern District of Illinois, and the events giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division, as alleged herein.

## Parties

5. Plaintiff, BRIAN MCKENZIE, is a resident of Chicago, Cook County, Illinois

6. Defendant Officer Michael Fazy is a duly appointed and sworn Chicago police officer.

7. At all times relevant to this Complaint, the Defendant Officer was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

8. The Defendant Officer is sued in his individual and official capacities.

9. Defendant CITY OF CHICAGO is located in Cook County, Illinois. For all times material to this complaint Defendant CITY OF CHICAGO was the employer and principal of the Defendant OFFICER, and at all times relevant to this Complaint, Defendant OFFICER was acting within the scope of his employment with the CITY OF CHICAGO.

## Facts

10. On or about, August 16, 2015, Plaintiff was in the area of 58 East 100th Street in Chicago, IL.

11. Defendant Officer Fazy arrived in the area

12. Without legal justification , Defendant Fazy then made physical contact with Plaintiff in an unnecessarily rough manner, including but not limited to taking Plaintiff down to the ground and causing him to strike his head on the pavement.

13. Plaintiff was arrested and charged with various criminal charges, including unlawful use of a weapon and being an armed habitual criminal, based on an allegation that he possessed a handgun though no handgun was found on his person at the time of his seizure and arrest.

14. Based on the Officer's sworn statements, charges were filed with the Cook County Circuit Court in Case Number 15-1-120929, later superseded by Case Number 15 CR 14328.

15. On or about July 26, 2016, PLAINTIFF was found Not Guilty of all charges arising from this incident in Cook County Criminal Case Number 15CR14328.

16. Plaintiff, Mr. McKenzie was detained for almost one full year defending the baseless criminal prosecution, culminating in the July 26, 2016 finding of Not Guilty.

17 Defendant Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

18 As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including but not limited to loss of physical liberty, loss of time, loss of normal life, loss of income, physical pain and suffering, emotional distress, pecuniary damages including attorney's fees and costs associated with the defense of the criminal case, and other damages.

### Count I – 42 U.S.C. Section 1983
### Fourth Amendment – Illegal Seizure and False Arrest

19 Each of the foregoing paragraphs is incorporated as if restated fully herein.

20 Defendant OFFICER placed Plaintiff under arrest.

21 The actions of Defendant OFFICER constituted an unreasonable seizure and false

arrest, in violation of the Fourth Amendment to the United States Constitution.

22. As a proximate result of the above-detailed OFFICER's actions, PLAINTIFF suffered injuries including pain and suffering, emotional distress, mental anguish, and financial loss.

### COUNT II - 42 U.S.C. Section 1983
### Excessive Force

23. Each of the foregoing paragraphs is incorporated as if restated fully herein.

24. The actions of Defendant Fazy as set forth hereto constitute excessive force against Plaintiff, thus violating his rights under the United States Constitution and 42 U.S.C. Section 1983.

25. Said actions of Defendant Fazy were intentional, willful and wanton, and committed with reckless disregard for Plaintiffs rights.

26. As a direct and proximate consequence of Defendant Fazy's conduct, PLAINTIFF suffered injuries including pain and suffering, emotional distress, mental anguish, and financial loss.

### COUNT III
### (State Law Claim for Malicious Prosecution)

27. Each of the foregoing paragraphs is incorporated as if restated fully herein.

28. Defendant OFFICER caused criminal proceedings against PLAINTIFF to be commenced and continued with malice, without probable cause, and knowing that PLAINTIFF was not guilty of the crimes for which he had been charged.

29. PLAINTIFF was acquitted of all charges in a manner indicative of PLAINTIFF'S innocence, which fully and finally terminated the case in PLAINTIFF'S favor.

30. As a result of the DEFENDANTS' conduct, PLAINTIFF suffered injuries including pain and suffering, emotional distress, mental anguish, and financial loss.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

31. Each of the foregoing paragraphs is incorporated as if restated fully herein.

32. The acts of the Defendant Officers described in the above claims were willful and wanton, and committed in the scope of employment.

33. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments for compensatory damages in this case arising from the Defendant Officers' actions.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/Pablo deCastro/August 16, 2017____
Attorney for PLAINTIFF
Law Offices of Pablo deCastro
111 W. Washington, Suite 1500
Chicago, IL 60602
(312) 690-2626
pdecastro@attorneydecastro.com; Email